**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 7, 2019

**VIA ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

Re: *Natural Resources Defense Council v. U.S. Environmental Protection Agency,* 19 Civ. 5174 (DLC)

Dear Judge Cote:

This Office represents defendants U.S. Environmental Protection Agency ("EPA") and Andrew Wheeler, in his official capacity as Administrator of the EPA (collectively, the "Government") in the above referenced matter commenced by plaintiff Natural Resources Defense Council, Inc. ("NRDC") under the Administrative Procedure Act. We write respectfully to request: (1) that the Government's August 9, 2019 time to answer or otherwise respond to the complaint be extended to August 23, 2019 and that the parties be permitted to brief the merits of this action pursuant to the proposed briefing schedule below and with extended page limits for their opening and opposition briefs; and (2) that the initial conference scheduled for **September 13, 2019 at 4:00 p.m.** be adjourned without date. Although counsel for NRDC does not agree with certain aspects of the Government's characterization of the case and its claims in Section I of this letter, NRDC agrees with and joins in the proposed briefing schedule and requests set forth in Section II of this letter. This is the Government's first request for an extension of its answer deadline. The reasons for these requests are set forth below.

## I. Factual Background

EPA manages twenty-two advisory committees, addressing a wide range of environmental and human health subjects. *See, e.g.,* the Clean Air Scientific Advisory Committee, 42 U.S.C. § 7409(d)(2)(A)-(B); the Science Advisory Board, 42 U.S.C. § 4365(a)-(b). Federal advisory committees provide expert, collective "advice or recommendations" to the President or an agency on matters relevant to their responsibilities. 5 U.S.C. App. 2 § 3(2); *see also* 41 C.F.R. § 102-3.25. The governing statute—the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA")—requires that each advisory committee be "fairly balanced in terms of the points of view represented and the functions to be performed," *id.* § 5(b)(2), and "not be inappropriately influenced by the appointing authority or by any special interest," *id.* § 5(b)(3).

On October 31, 2017, then-EPA Administrator Scott Pruitt issued a directive titled "Strengthening and Improving Membership on EPA Federal Advisory Committees" (the "Directive"). *See* Compl. Ex. A. In a memorandum accompanying the Directive (the "Memorandum") issued the same day, the Administrator explained that FACA requires federal

advisory committees to be "fairly balanced in terms of the points of view represented and the functions to be performed" and staffed with qualified individuals. *See* Compl. Ex. B, at 1. Accordingly, "to strengthen and improve the independence, diversity and breadth of participation on EPA . . . advisory committees," *id.* Ex. A, the Directive sets forth four, interrelated policies for appointment to an EPA advisory committee. First, the Directive seeks to ensure "integrity and confidence" in EPA's advisory committees by directing that committee members choose between receipt of EPA grants and service on EPA advisory committees to avoid the "appearance of reality of potential interference with their ability to independently and objectively serve as a [committee] member." *Id.* ¶ 1. Second, the Directive states the Administrator's goal to "increase state, tribal and local government participation" on EPA committees. *Id.* ¶ 2. Third, the Directive reflects the Administrator's decision that EPA should encourage advisory committee "[p]articipation of members from a broad range of geographic regions—especially areas that have historically been unrepresented and underrepresented." *Id.* ¶ 3. Fourth, it encourages the "inclusion of new candidates" by stating that committee membership "should be rotated regularly." *Id.* ¶ 4.

On June 3, 2019, NRDC filed suit under the APA, seeking declaratory and injunctive relief in the form of an order vacating the Directive and an injunction prohibiting EPA from implementing it. According to NRDC, the Directive violates the APA because: (1) it is purportedly "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *see* Compl. ¶¶ 51–62 (citing 5 U.S.C. § 706(2)(A)); and (2) it was not issued under the APA's notice-and-comment requirements, *see* Compl. ¶¶ 63-67 (citing 5 U.S.C. § 553). The Government contends that, as a threshold matter, NRDC's complaint must be dismissed: (1) for lack of subject matter jurisdiction because the Directive concerns matters committed to agency discretion by law; and (2) for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because the Directive falls within the APA's exception to notice-and-comment rulemaking procedures. In the alternative, the Government contends that the Court should enter summary judgment in its favor because the Directive is a reasonable policy that meets the arbitrary and capricious standard of review under the APA.

## II. Proposed Briefing Schedule and Request for Page Enlargement

The instant lawsuit is a follow-up and similar to an APA challenge to the Directive which NRDC previously filed in this Court on January 24, 2018. *See generally NRDC v. Wheeler*, 18 Civ. 613 (WHP). By Opinion & Order filed in that case on March 21, 2019, Judge Pauley granted the Government's motion to dismiss for lack of subject matter jurisdiction, holding that NRDC had not established Article III standing, and dismissed NRDC's claims without prejudice. *See* Opinion & Order, at 21. In that case, the Government filed an Administrative Record containing all documents and materials considered by EPA in issuing the Directive, no discovery took place, and the parties proceeded with briefing the merits of the Government's motion to dismiss and the parties' cross-motions for summary judgment. Because EPA anticipates that the Administrative Record to be filed in this case will be substantively identical to the record filed in 18 Civ. 613, and NRDC does not intend to pursue discovery in this matter, the parties have conferred and jointly agree that this matter should be resolved through briefing pursuant to the schedule proposed below:

- The Government will file the Administrative Record in this case by August 16, 2019.

- The Government will file its combined motion to dismiss and for summary judgment by August 23, 2019.

- NRDC will file its combined opposition to the Government's motion to dismiss and its cross-motion for summary judgment by September 27, 2019.

- The Government will file its reply brief in support of its motion to dismiss and opposition to NRDC's cross-motion for summary judgment by October 18, 2019.

- NRDC will file its reply brief in further support of its cross-motion for summary judgment by November 8, 2019.

Additionally, to provide the Government with sufficient space to fully address the bases for its motion to dismiss and the merits of NRDC's APA claims, the Government further requests that this Court extend the page limits for its opening and opposition briefs from 25 pages to 35 pages, and from 10 to 15 pages for its reply briefs. NRDC consents to this request, so long as it also obtains the same enlargements for its opening, opposition, and reply briefs. The Government consents to those enlargements. The parties appreciate that the Court favors concise briefs, and will endeavor to file thorough briefs using the least number of pages possible.

Finally, as noted above, an initial pretrial conference for this case is scheduled for **4:00 p.m.** on **September 13, 2019**. The parties believe a conference is not necessary at this time given the proposed steps as described above, and therefore request that the scheduled conference be adjourned. If the Court wishes to see the parties for any reason, however, we are more than happy to attend.

We thank the Court for its consideration of this letter.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: *<u>/s/ Tomoko Onozawa</u>*
TOMOKO ONOZAWA
Assistant United States Attorney
Tel: (212) 637-2721
Fax: (212) 637-2686

cc: All Counsel of Record (via ECF)