NRDC

December 31, 2019

**Via ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

Re: *Natural Resources Defense Council v. U.S. Environmental Protection Agency*, 19 Civ. 5174 (DLC)

Dear Judge Cote:

We represent Plaintiff Natural Resources Defense Council in this case concerning an Environmental Protection Agency (EPA) directive on scientific advisory committees, and respectfully submit the attached decision as supplemental authority in support of NRDC's motion for summary judgment. *See* Op. & Order, *New York v. U.S. Immigration & Customs Enforcement (ICE)*, No. 19-cv-8876 (JSR) (S.D.N.Y. Dec. 19, 2019) ("Order").

The Order denies the federal government's motion to dismiss a challenge to ICE's new practice of arresting immigrants on or near New York state courthouses on immigration law grounds. Order at 3. ICE argued—much as EPA does in the instant case, *see, e.g.*, ECF No. 19 at 9-15—that (1) the matter is committed to the agency's unreviewable discretion; (2) there is no meaningful standard against which to judge ICE's decision to arrest immigrants; and (3) the directive is merely a "general statement of policy." *See* Order at 13-15. The court rejected each of these arguments.

First, on the "committed to agency discretion" question, the Order distinguishes between a hypothetical challenge to ICE's decision to arrest a particular person, which might be unreviewable, and plaintiffs' challenge to a "*categorical policy* to conduct immigration arrests in particular places," which is reviewable. *Id.* at 15 (emphasis added). Similarly, here, NRDC does not challenge EPA's appointment or removal of a particular committee member—a decision which might be committed to EPA's discretion. Instead, Plaintiff challenges a blanket policy that excludes an entire category of qualified individuals from EPA scientific advisory committees—a decision that is

reviewable. *See, e.g.*, ECF No. 38 at 3 ("NRDC Reply")

Second, the Order found that a common law privilege against civil arrest of people present at a courthouse provides "an obvious standard against which to evaluate the agency's exercise of discretion." Order at 14 & n.4. This supports NRDC's argument that the Court can find "law to apply" in various sources, not just statutes or binding agency rules. *See* NRDC Reply at 3-6 & n.2.

Finally, the court noted that the ICE directive did not "merely explain[] how the agency will . . . exercise its broad enforcement discretion." Order at 15. Rather, it "embodies a conscious change in policy" that ICE officers have implemented by increasing arrests around New York state courthouses by 1700 percent. *Id.* at 17. Here, too, EPA's directive is not merely a policy statement—it is couched in mandatory terms and has been used to force scientists to leave advisory committees. NRDC Reply at 14.

Respectfully submitted,

/s/Thomas Zimpleman
Thomas Zimpleman (admitted *pro hac vice*)
1152 15th St. NW, Suite 300
Washington, DC 20005
T: (202) 513-6244
tzimpleman@nrdc.org

Vivian H.W. Wang
Natural Resources Defense Council
40 West 20th St., Fl. 11
New York, NY 10011
T: (212) 727-4477
vwang@nrdc.org

*Counsel for Plaintiff*

Attachment

cc (via ECF): Tomoko Onozawa, Esq.