**NRDC**

February 28, 2020

**Via ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

      Re:   *Natural Resources Defense Council, Inc. v. U.S. Environmental Protection Agency*, 19 Civ. 5174 (DLC)

Dear Judge Cote:

    Pursuant to the Court's February 24, 2020 Order, ECF No. 43, Plaintiff Natural Resources Defense Council (NRDC) respectfully submits this letter motion in support of its proposed order. NRDC's proposed order would vacate and remand the provision entitled "Strengthen Member Independence" in the Environmental Protection Agency's (EPA) October 31, 2017 directive on "Strengthening and Improving Membership on EPA Federal Advisory Committees," issued by former Administrator E. Scott Pruitt (Pruitt Directive).

    Vacatur is the "usual" remedy under the Administrative Procedure Act (APA) and the appropriate remedy here. *See Guertin v. United States*, 743 F.3d 382, 388 (2d Cir. 2014); *see also Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). When a reviewing court finds an agency action arbitrary and capricious, it "*shall*"—not may—"hold unlawful and *set aside*" that action. 5 U.S.C. § 706(2)(A) (emphases added); *see also New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 673 (S.D.N.Y. 2019) ("Vacatur is consistent with both the plain language of the APA and the principle that agency action taken in violation of the APA 'cannot be afforded the force and effect of law.'" (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 313 (1979))).[1]

    Vacatur is the appropriate remedy in this case. This Court identified several fatal flaws in the Pruitt Directive's provision banning grant recipients from advisory committees. EPA adopted the challenged provision without considering its obligations under the Federal Advisory Committee Act, Op. & Order (Op.) at 25, ECF

---

[1] *Aff'd in part, rev'd in part and remanded*, 139 S. Ct. 2551 (2019), *appeal dismissed*, No. 19-212, 2019 WL 7668098 (2d Cir. Aug. 7, 2019).

No. 40, without any evidence for its conclusion that a scientist working on an EPA research grant is unable to serve objectively and independently on an EPA advisory committee, *id.* at 23-24, and without acknowledging or explaining its abrupt departure from EPA's prior policy that such grants do not automatically disqualify a scientist, *id.* at 21-23. These are not minor, technical defects. They raise fundamental questions, including whether the Pruitt Directive will systematically bias the advice that EPA receives on critical scientific questions.

EPA will likely urge the Court to exercise its discretion not to vacate the Pruitt Directive. *See Sugar Cane Growers Co-op. of Fla. v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002). In considering whether to order remand without vacatur, courts look at (1) "the seriousness of the [action's] deficiencies (and thus the extent of doubt whether the agency chose correctly)," and (2) the potential disruptiveness of vacatur. *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993). Both factors weigh in favor of vacatur here.

First, in light of EPA's "numerous, fundamental" APA violations, there is no serious possibility that the agency can substantiate its previous conclusion—instead, EPA will be "forced to begin anew." *New York v. U.S. Dep't of Health & Human Servs.*, 414 F. Supp. 3d 475, 577 & 578 n.76 (S.D.N.Y. 2019). This Court concluded unequivocally that the Pruitt Directive's categorical ban on EPA grant recipients is arbitrary and capricious and ignored statutes that constrain EPA's discretion over advisory committee management. *See* Op. at 21-25; *U.S. Dep't of Commerce*, 351 F. Supp. 3d at 673-74 (denying government's request to remand without vacating because the agency decision was "'not in accordance' with statutes that constrain [the agency's] discretion"). The Pruitt Directive and memorandum offered only terse, conclusory assertions, and the administrative record "provides no basis" for EPA's action. Op. at 23; *see id.* at 24-25 (noting lack of evidence for any of EPA's purported bases for excluding grant recipients). The agency should not be permitted to keep an illegal directive in place while it comes up with the most rudimentary parts of a rationale for it.

Second, vacating the challenged portion of the Pruitt Directive will not be "disruptive." *See Allied-Signal, Inc.*, 988 F.2d at 150. Vacatur here simply requires EPA to make future appointments to its advisory committees using the same rules it had in place for many years prior to 2017, and which matches the guidance that the Office of Management and Budget provided to federal agencies. *See* Op. at 8-10, 21; Final Information Quality Bulletin for Peer Review, 70 Fed. Reg. 2,664, 2,669 (Jan. 14, 2005). This includes returning to EPA's long-standing policy of screening for conflicts of interest in accordance with Office of Government Ethics regulations, Office of

Management and Budget guidance, and EPA's Peer Review Handbook. *See* Op. at 17-18 & n.7; *see also* Christopher Zarba Decl. ¶¶ 12-15, ECF No. 22. And as a practical matter, requiring EPA to consider a broader spectrum of candidates for advisory committee service—including many individuals whom EPA *itself* previously selected for service on those committees—is beneficial, not disruptive, to its work.

This is not a case where "le[aving] rules in place . . . serves the public interest more so than vacating them would." *NRDC v. EPA*, 676 F. Supp. 2d 307, 312 (S.D.N.Y. 2009) (vacating pesticide registration because EPA failed to follow notice-and-comment requirement). Courts have issued remand-only orders when vacatur would leave a regulatory vacuum and thereby harm health or the environment. *See, e.g.*, *NRDC v. EPA*, 808 F.3d 556, 584 (2d Cir. 2015) (leaving challenged Clean Water Act regulations in place until EPA issued new ones); *Sierra Club v. EPA*, 167 F.3d 658, 664 (D.C. Cir. 1999) (remanding Clean Air Act rule but leaving regulations in place "rather than eliminate any federal control at all"); *Fertilizer Inst. v. EPA*, 935 F.2d 1303, 1312 (D.C. Cir. 1991) (remanding without vacatur to preserve agency's ability to respond to serious safety hazards). Here, leaving the Directive in place would further harm the public interest by excluding scientists with "precisely the kind of expertise that Congress wanted committee members to possess," thus "undermin[ing] the agency's ability to base its decisions on the best available science." Amicus Br. of Dr. Lynn R. Goldman et al., at 3, 14-15, ECF No. 30-1.

Nor is this a case where "vacatur would not actually undo the agency action," *NRDC*, 676 F. Supp. 2d at 312, or where vacatur would undermine either the plaintiff's purpose in bringing the case or the goal of the governing statute, *see North Carolina v. EPA*, 550 F.3d 1176, 1178 (D.C. Cir. 2008) (per curiam); *Envtl. Def. Fund, Inc. v. Adm'r, EPA*, 898 F.2d 183, 190 (D.C. Cir. 1990). Vacatur here would allow many of the nation's most qualified scientists—who have previously been selected for EPA's advisory committees—to again seek positions on those committees, without being disqualified out of the box by the Pruitt Directive. Given the value of advisory committee service as a professional and public service opportunity, vacatur would benefit those scientists.

Vacatur and remand of unlawful agency action is the remedy that Congress envisioned in the APA, and it is the appropriate remedy for EPA's issuance of the unlawful provision of the Pruitt Directive.

Respectfully submitted,

/s/ Thomas Zimpleman
Thomas Zimpleman (admitted *pro hac vice*)
Natural Resources Defense Council
1152 15th St. NW, Ste. 300
Washington, DC 20005
T: (202) 513-6244
tzimpleman@nrdc.org

Vivian H.W. Wang
Natural Resources Defense Council
40 W. 20th St., Fl. 11
New York, NY 10011
T: (212) 727-4477
vwang@nrdc.org

*Counsel for Plaintiff*

cc (via ECF): Tomoko Onozawa, Esq.