```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
NATURAL RESOURCES DEFENSE COUNCIL,       :
INC.,                                    :
                                         :    19cv5174 (DLC)
                             Plaintiff,  :
                                         :    MEMORANDUM OPINION
               -v-                       :        AND ORDER
                                         :
U.S. ENVIRONMENTAL PROTECTION AGENCY     :
and                                      :
ANDREW WHEELER, in his official          :
capacity as Administrator of the         :
Environmental Protection Agency,         :
                                         :
                             Defendants. :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff:
Vivian H.W. Wang
Natural Resources Defense Council
40 West 20th St., Fl. 11
New York, NY 10011
(212) 727-4477

Thomas Zimpleman
Natural Resources Defense Council
1125 15th St. N.W., Suite 300
Washington, D.C. 20005
(202) 513-6244

For defendants:
Tomoko Onozawa
U.S. Attorney's Office S.D.N.Y.
86 Chambers St., Fl. 3
New York, NY 10007
(212) 637-2721

DENISE COTE, District Judge:

On February 28, 2020, the Natural Resources Defense Council, Inc. ("NRDC") requested that this Court vacate a directive of the U.S. Environmental Protection Agency (the "EPA") and remand for further proceedings, following the Opinion and Order of February 10, 2020 that awarded the NRDC summary judgment in this case.  See NRDC v. EPA, No. 19cv5174 (DLC), 2020 WL 615072 (S.D.N.Y. Feb. 10, 2020) (the "February Opinion").  The February Opinion determined that the EPA directive, which provided, in part, that "no member of an EPA federal advisory committee be currently in receipt of EPA grants" (hereinafter, the "Directive") was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706.[1]  The EPA requests remand without vacatur.  The NRDC's request for remand and vacatur is granted.

"In the usual case, when an agency violates its obligations under the APA," courts "vacate a judgment and remand to the agency to conduct further proceedings."  Guertin v. United States, 743 F.3d 382, 388 (2d Cir. 2014) (citation omitted). "[V]acatur is the normal remedy."  Allina Health Servs. v. Sebelius, 746 F.3d 1102, 1110 (D.C. Cir. 2014).  To determine whether remand without vacatur is superior to vacatur, courts

---

[1] The February Opinion is incorporated by reference, and familiarity with it is assumed.

consider the "seriousness of the [action's] deficiencies and the likely disruptive consequences of vacatur." Id. (citation omitted); see also Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150-51 (D.C. Cir. 1993).

The normal remedy, remand and vacatur, is appropriate here. The EPA's deficiencies in instituting the Directive were serious. The February Opinion found that the EPA had failed to articulate any reason for changing its longstanding practice of permitting EPA grant recipients to serve on EPA advisory committees. The February Opinion also found that the administrative record produced by the EPA provided no basis for finding that EPA grant recipients suffered from bias on account of those grants when they served as members of EPA advisory committees.

Vacatur is also appropriate because its consequences are unlikely to be disruptive. As explained by the NRDC, vacatur would not require the EPA to reopen the composition of any advisory committees right now. It simply means that the EPA may not categorically exclude EPA grant recipients from serving on advisory committees, given this Court's conclusion that the EPA's reasoning and record rendered its decision to do so arbitrary and capricious. The EPA must simply return to the standards that it historically applied until those standards were altered by the Directive.

## **Conclusion**

The provision of the Directive specifying that "no member of an EPA federal advisory committee be currently in receipt of EPA grants, either as principal investigator or co-investigator, or in a position that would otherwise reap substantial direct benefits from an EPA grant," is vacated and this matter is remanded. The Clerk of Court shall close this case.

Dated:   New York, New York
         April 15, 2020

```
                    _____
                           DENISE COTE
                    United States District Judge
```

4